UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BARTON MALOW ENTERPRISES, INC.,
BARTON MALOW COMPANY, and UNITED
INTEGRITY ASSURANCE, LTD.        :

                Plaintiffs,        :

                               :

                -against-        :

STEADFAST INSURANCE COMPANY    .

                Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/31/14

14cv7347

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

       Steadfast Insurance Company ("Steadfast") moves to stay this action pending arbitration, or in the alternative, to dismiss the claims of Barton Malow Enterprises, Inc., Barton Malow Company (collectively, "Barton Malow"), and Barton Malow Enterprises, Inc.'s wholly owned subsidiary, United Integrity Assurance, Ltd. ("United Integrity"). For the following reasons, Steadfast's motion to stay this action pending arbitration is granted.

Background

       As of January 2011, Steadfast insured Barton Malow under an indemnity and liability insurance policy. In September 2011, Barton Malow tendered a claim to Steadfast for $25 million, the full amount of the policy, based on errors and omissions in engineering design work for a power plant in Bayonne, New Jersey. In October 2013, Steadfast settled Barton Malow's claim by agreeing to pay $15 million. Under the settlement agreement, Steadfast released Barton Malow and its "subsidiaries" and "affiliates" from "all actions, causes of action . . . , agreements, promises, variances, trespasses, damages, penalties, claims and/or demands

whatsoever, which Releasors ever had, now have, or hereafter can, shall or may have . . . arising from the Claim[.]" (Settlement Agreement ¶ 4.) The settlement agreement contained a merger clause that the agreement "is intended by the Parties as the complete and exclusive statement of the terms of their agreement . . . and supersedes all prior communications, offers, agreements, understandings, or representations of any kind or character, whether written or oral, related to such subject matter." (Settlement Agreement ¶ 14.)

Thereafter, Steadfast discovered that it had purchased reinsurance covering a portion of its payment under a May 2011 reinsurance agreement with United Integrity. Steadfast billed United Integrity under the reinsurance agreement for 15% of the first $10 million of Steadfast's payment under that policy. But United Integrity refused to pay, claiming its obligation was released under the settlement agreement because it is a wholly-owned subsidiary of Barton Malow Enterprises, Inc.

Invoking the reinsurance agreement's arbitration clause, Steadfast served an arbitration demand on United Integrity. The arbitration clause provides:

> As a condition precedent to any right of action hereunder, all matters in difference between the parties to this Agreement shall be referred to an arbitration tribunal in the manner hereinafter set out. "Matters in difference" as used in this Article shall include but not be limited to formation and validity, but shall except allegations of fraud.

(Reinsurance Agreement, Art. 15.) After receipt of the demand for arbitration, United Integrity and Barton Malow commenced this breach of contract action, seeking declaratory relief, injunctive relief, and a stay of arbitration.

Discussion

In deciding whether claims are subject to arbitration, a court must consider: (1) whether the parties have entered into a valid agreement to arbitrate; and if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement. Before addressing the second inquiry, the court must also determine who – the court or the arbitrator – properly decides the issue. In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 128 (2d Cir. 2011). In deciding the issue of arbitrability, "this court is not permitted to wander into the merits of the underlying grievance[.]" New York's Health and Human Serv. Union v. NYU Hospitals Ctr., 02 Civ. 9165, 2003 WL 1475777, *3 (S.D.N.Y. March 20, 2003).

Steadfast and United Integrity entered into a valid arbitration agreement. It provides that "all matters in difference between the parties to this Agreement shall be referred to an arbitration tribunal in the manner hereinafter set out." (Reinsurance Agreement, Art. 15.) "An agreement to arbitrate is superseded by a later-executed agreement containing a forum selection clause if the clause 'specifically precludes' arbitration, but there is no requirement that the forum selection clause mention arbitration[.]" Goldman, Sachs & Co., v. Golden Empire Schools Fin. Auth., 764 F.3d 210, 215 (2d Cir. 2014) (internal citations omitted). Here, however, the settlement agreement between Steadfast and Barton Malow is silent on the issue of forum selection. Thus, the arbitration provision in the reinsurance agreement controls.

The Second Circuit cases cited by United Integrity for the proposition that a later-executed agreement overrides an earlier arbitration agreement are distinguishable. See Goldman, Sachs & Co., 764 F.3d at 216 (later-executed agreement overrides arbitration agreement where later-executed agreement states that all actions and proceedings shall be brought in the Southern District of New York); Applied Energetics, Inc. v. NewOak Capital Mkts., LLC, 645 F.3d 522,

526 (2d Cir. 2011) (later-executed agreement overrides arbitration clause in earlier agreement where later-executed agreement states that "[a]ny dispute arising out of this Agreement shall be adjudicated in the Supreme Court, New York County or in the federal district for the Southern District of New York"); In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 131-33 (2d Cir. 2011) (later-executed settlement agreement revokes a prior agreement to arbitrate where later-executed settlement agreement expressly grants exclusive jurisdiction to the district court).

This Court, not the arbitrators, decides the issue of arbitrability. "It is well settled in both commercial and labor cases that whether parties have agreed to submit a particular dispute to arbitration is typically an issue for judicial determination." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287 (2010) (internal quotations omitted). The issue of whether the parties agreed to arbitrate a matter is to be decided by the courts and not the arbitrator, "[u]nless the parties clearly and unmistakably provide otherwise." AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1983).

While the reinsurance agreement's arbitration provision is broad, it does not address who decides issues of arbitrability, and does not "clearly and unmistakably" provide that the arbitrator should decide such issues. A "general and broad arbitration clause [is] not enough to satisfy the clear and unmistakable evidence requirement." Abram Landau Real Estate v. Bevona, 123 F.3d 69, 73 (2d Cir. 1997).

United Integrity's claims against Steadfast fall within the scope of the reinsurance agreement's arbitration provision. The Federal Arbitration Act expresses "a liberal federal policy favoring arbitration agreements," and "any doubts in concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). In making this determination, courts

ask whether the claim implicates the parties' rights and obligations under the agreement containing the arbitration clause. Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc., 252 F.3d 218, 228-29 (2d Cir. 2001); Mirant Americas Energy Mktg. LP v. First Rochdale Co-op Group Ltd., 363 F. Supp. 2d 679, 682 (S.D.N.Y. 2005).

United Integrity's claims implicate the rights and obligations of both Steadfast and United Integrity under the reinsurance agreement. United Integrity argues that the dispute between the parties does not arise out of a difference of opinion as to the interpretation of the reinsurance agreement. Rather, the dispute involves interpretation of the release and merger clause within the later-executed settlement agreement. However, the dispute plainly bears on the validity of the reinsurance agreement, and United Integrity's obligation to pay Steadfast under that agreement. Barton Malow and United Integrity's pleading acknowledges that Steadfast's assertion "of a claim under a captive reinsurance agreement," precipitated this lawsuit, and cites the reinsurance agreement as a "key document." (Compl. ¶¶ 1, 4.)

Since Barton Malow is not a party to the reinsurance agreement, Barton Malow's claims are not subject to arbitration. However, a court may stay issues not subject to arbitration "pursuant to the power inherent in every court to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for litigants." Eatoni Ergonomics, Inc. v. Research in Motion Corp., 633 F. Supp. 2d 109, 116 (S.D.N.Y. 2009). Judicial economy warrants a stay of Barton Malow's claims against Steadfast pending the conclusion of arbitration between United Integrity and Steadfast.

Conclusion

For the foregoing reasons, Steadfast Insurance Company's motion to stay pending arbitration is granted. The parties are directed to submit a joint letter updating this Court on the status of the arbitration proceeding by March 31, 2015. The Clerk of the Court is directed to terminate the motion pending at ECF Number 19.

Dated: December 31, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

George Wenick, Esq.
Smith, Currie & Hancock, LLP
245 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
*Counsel for Plaintiffs*

Micheal Menapace, Esq.
Wiggin & Dana, LLP
One Century Tower
265 Church Street
Post Office Box 1832
New Haven, CT 06911
*Counsel for Defendants*